UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of
FILED
APR 1 2 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-489-GWU

JUDY M. COUCH,                                                          PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                                DEFENDANT.

### INTRODUCTION

The plaintiff originally brought this action to seek review of a decision denying her application for Disability Insurance Benefits (DIB). The case is before the Court on the plaintiff's motion to remand, which the defendant opposes.

### STANDARDS APPLICABLE TO MOTIONS TO REMAND

In assessing the positions of the parties, it must be noted the pertinent federal statute provides that:

> The Court may . . . at any time order additional evidence to be taken before the Secretary, <u>but only</u> upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

42 U.S.C. Section 405(g) (emphasis added).

While "good cause" for failure to incorporate such evidence might be established when the additional records were not compiled until after the

1

Couch

administrative hearing, Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir. 1986), the fact that the plaintiff did not seek to have the record remain open to be able to submit evidence mitigates against such a finding, Willis v. Secretary of Health and Human Services, 727 F.2d 551, 554 (6th Cir. 1984).

To be "material," the documents must be "both relevant and probative," "bearing directly and substantially on the matter in dispute," or "likely to have produced a different administrative result." Huffler v. Heckler, 59 F. Supp. 626, 627 (S.D. Ohio 1984). In order to satisfy this materiality criterion, the claimant must demonstrate that there is a reasonable probability that the Administrative Law Judge (ALJ) would have reached a different conclusion if presented with the new evidence. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 711 (6th Cir. 1988). In determining whether to remand a case, the Sixth Circuit Court of Appeals has distinguished between new evidence of the claimant's condition at the time of the administrative hearing and evidence of a subsequent deterioration or change in his condition. The former is deemed material; the later is not. See Sizemore, 865 F.2d at 712.

## DISCUSSION

The plaintiff has proffered medical records from the Hyden's Rural Health Center in support of her motion to remand.

Couch

As the defendant points out, these few progress notes are hardly relevant, or likely to have produced a different result had they been seen by the administrative law judge (ALJ). The notes were dated after the ALJ's decision and, thus, could arguably have pertained to the plaintiff's condition <u>after</u> the relevant time period. One progress note indicated that Couch was "doing well" with a normal gait and negative straight leg raising. No neurological deficits were observed in the January, 2006 note. Neither were the notes identified as having come from a medical source the ALJ apparently had rejected in setting up his residual functional capacity findings. (Tr. 26).[1]

The motion to remand will be denied.

This the __12__ day of April, 2006.

G. WIX UNTHANK,
SENIOR JUDGE

---

[1]The undersigned does not now address whether this decision was supported by substantial evidence. This issue will be addressed when the Court rules on summary judgment motions.

3