UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

AUG 2 5 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-489-GWU

JUDY M. COUCH,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her application for Disability Insurance Benefits (DIB). The appeal is

currently before the Court on cross-motions for summary judgment as well as the

plaintiff's motion to remand.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

Couch

Step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.    <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled.    If no, proceed to Step 7.    <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled.    <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.    Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).    This "substantial

Couch

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Couch

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Couch

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

Couch

may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d

279, 282 (6th Cir. 1985).   Even then, substantial evidence to support the

Commissioner's decision may be produced through reliance on this expert testimony

only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments.   Varley v. Secretary of Health and Human

Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that the plaintiff suffered from mild

degenerative disc disease with chronic low back pain. (Tr. 29).  While he felt Couch

was restricted to a limited range of light level work, vocational expert testimony

supposedly established that the plaintiff was able to do one of her past jobs[1] as well

as alternative light level jobs. (Tr. 27-28).  Thus, the claim for benefits was denied.

Several treating physicians issued assessments which suggested a lower

residual functional capacity than was found by the ALJ.  Treating Physicians Gilbert

(Tr. 169, 171) and Freimark (Tr. 266)[2] noted a 10 pound weight lifting limitation and

---

[1]The ALJ's ultimate finding was that she could return to her "past relevant work." (Tr. 29).  In the text of his opinion, he makes it clear that he was referring only to the file clerk job (Tr. 27), a sensible conclusion since the plaintiff's nursing assistant job and most of the beautician duties required a greater level of activity than the plaintiff could perform by the ALJ's own assessment (Tr. 72).

[2]Subsequent statements of Freimark suggest a higher level of projected functioning, but only after successful completion of a subsequent work hardening program (Tr. 262) which apparently never occurred.

7

Couch

greater postural activity restrictions than were given by the ALJ. Dr. R. Varghese, another treating source, arguably allowed lifting up to 20 pounds (Tr. 343); however, on this form, he was given no option between 10 and 20 pounds and it is not entirely clear that he was not striking out 20 pounds. (Tr. 343). On another, Varghese had written a reference to only a 10 to 15 pound lifting capacity (Tr. 346)--and added non-exertional restrictions such as a need to avoid all hazards and never to twist or climb ladders (Tr. 344-345). Given that the one past relevant job and the alternative positions named were at the light level, these treating physicians' assessments suggest an inability to perform all such work named.

Other examining physicians did not provide clear residual functional capacity assessments to support the ALJ's chosen factors. Other examining physicians of record cited non-exertional restrictions regarding activities such as prolonged sitting or standing (Tr. 288), twisting (Tr. 301, 352), and squatting (Tr. 301) which were not included in the hypothetical question. The consultative examiner's opinion was also vague, in that it referred to "sedentary work" and also "light duty" (Tr. 301), which is not necessarily the same as light level exertion. The same observation can be made of the "light duty" opinion of Mukut Sharma. (Tr. 275).

The medical reviewers did not discuss the opinions of any of the treating sources, or many other medical opinions, to explain why their restrictions would differ and, thus, can not support the administrative decision. See Barker v. Shalala, 40

8

Couch

F.3d 789, 794 (6th Cir. 1994). Neither did the ALJ provide a clear reason why he

would discount all of the treating source restrictions. See Wilson v. Commissioner

of Social Security, 378 F.3d 541, 544 (6th Cir. 2004).

The case will be remanded for further consideration.[3]

This the ___ 25 ___ day of August, 2006.

*G. Wix Unthank*

G. WIX UNTHANK
SENIOR JUDGE

---

[3]Since the case is being remanded to the agency anyway, the plaintiff will
presumably be able to submit additional medical evidence to the agency. There is,
therefore, no reason to separately rule on the motion to remand at this juncture.

9